UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. 2:26-cv-02537<br><br>**NOTICE OF REMOVAL**<br><br>(King County Superior Court Case No. 26-2-19546-3 SEA) |

TO:          Clerk, Superior Court of the State of Washington for King County

AND TO:      TREVOR HASTINGS, and his Attorneys of Record

Defendant Microsoft Corporation ("Microsoft") gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Case No. 26-2-19546-3 SEA, to the United States District Court for the Western District of Washington.  Microsoft removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

I.     **PROCEDURAL HISTORY**

1.     On June 17, 2026, Plaintiff Trevor Hastings filed this putative class-action lawsuit in the Superior Court of the State of Washington for the County of King, on behalf of himself and all others similarly situated.  A true and correct copy of the Class Action Complaint is

NOTICE OF REMOVAL - 1
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

attached hereto as **Exhibit 1–1**.  The Superior Court assigned the case number 26-2-19546-3 SEA.  *Id.*  A true and correct copy of Order Setting Case Schedule is attached hereto as **Exhibit 1–2**.  A true and correct copy of the Case Information Cover Sheet and Area Designation is attached hereto as **Exhibit 1–3**.  A true and correct copy of the Summons is attached hereto as **Exhibit 1–4**.  A true and correct copy of Plaintiff's Jury Demand is attached hereto as **Exhibit 1–5**.  A true and correct copy of the Case Assignment Area Designation and Case Information Cover Sheet is attached hereto as **Exhibit 1–6**.  A true and correct copy of the Affidavit of Service of the Class Action Complaint is attached hereto as **Exhibit 1–7**.

2.       On June 18, 2026, Plaintiff filed an Amended Class Action Complaint.  A true and correct copy of the Amended Complaint is attached hereto as **Exhibit 1–8**.  A true and correct copy of the Affidavit of Service of the Amended Complaint is attached hereto as **Exhibit 1–9**.

3.       On July 10, 2026, the Superior Court granted the parties' stipulation and extended Defendant's deadline to respond to the Complaint until August 7, 2026.  A true and correct copy of the Stipulation and Order to Extend Deadline for Response is attached hereto as **Exhibit 1–10**.

4.       The documents that comprise Exhibit 1 constitute all process, pleadings and orders served upon Microsoft.  *See* 28 U.S.C. § 1446(a).  Pursuant to LCR 101(b), a true copy of the operative Amended Complaint ("Am. Compl.") is separately attached (and referred to throughout this Notice) as **Exhibit 2**.

5.       Plaintiff alleges that Microsoft "was unjustly enriched by collecting and retaining" costs imposed by the federal government under the International Emergency Economic Powers Act ("IEEPA") that were later held by the Supreme Court to be unlawful in *Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026).  Ex. 2 ¶¶ 26, 42.

6.       The dispute arises out of Plaintiff's alleged purchase of an "Xbox console," a video game console manufactured by Microsoft, "from a retailer selling Microsoft products" at some point between February 2025 and February 2026.  *Id.* ¶ 47.  During that time, the federal government invoked IEEPA to impose tariffs, which Plaintiff alleges "increased Microsoft's cost

NOTICE OF REMOVAL - 2
(Case No. 2:26-cv-02537)

of importing goods into the United States." *Id.* ¶ 23.  Plaintiff claims that "Microsoft passed tariff-related costs through to consumers in the form of higher prices," *id.* ¶ 39, and "stands to recover those same costs from the government," *id.* ¶ 41.

7. Based on these allegations, Plaintiff asserts an unjust enrichment claim, *id.* ¶¶ 65–73, and a money had and received claim, *id.* ¶¶ 74–80, while also seeking a declaratory judgment, *id.* ¶¶ 81–84.  Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of [Microsoft] who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." *Id.* ¶ 49.

## II.    PARTIES

8. Plaintiff Hastings is a natural person who allegedly resides in Chula Vista, California.  Ex. 2 ¶ 17.

9. Defendant Microsoft is a corporation formed under the laws of the State of Washington with its corporate headquarters and principal place of business in Redmond, Washington.

## III.   GROUNDS FOR REMOVAL

10. There are two independent bases for removing this action to this Court.  *First,* the claims asserted by Plaintiff give rise to federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's Complaint necessarily raises disputed and substantial federal issues.  *Second*, the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d), because Plaintiff is a citizen of California and Microsoft is a citizen of Washington, the proposed class has 100 or more members, and the amount in controversy exceeds $5 million. The action therefore is removable to this Court under 28 U.S.C. § 1441 and § 1453.

11. Microsoft also invokes all other grounds for removal that exist under applicable law.

12. The recitation of Plaintiff's allegations or legal theories has merit.  Microsoft reserves the right to assert all applicable defenses in this matter and denies that Plaintiff or any member of the putative class is entitled to any relief.

NOTICE OF REMOVAL - 3
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## A.    Federal Question Jurisdiction

13.    Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because this action necessarily raises disputed and substantial federal questions that a federal forum may entertain without disturbing the congressionally approved balance of responsibilities between the federal and state judiciaries.  *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005).  Specifically, the claimed "illegality" arises solely from federal executive orders issued pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 et seq., which the Supreme Court later held to be unlawful in *Learning Resources*.

14.    The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded-complaint rule."  *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

15.    Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (citation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

16.    "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable*, 545 U.S. at 315.  "Where all four of these requirements are met … jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without

NOTICE OF REMOVAL - 4
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258. This case meets all four requirements.

17.     *First*, a federal issue is necessarily raised. Although Plaintiff nominally asserts state-law claims, the entire foundation of those claims rests on the alleged "illegality" of tariffs imposed by the federal government pursuant to IEEPA and the Supreme Court's subsequent invalidation of those tariffs. *See* Ex. 2 ¶¶ 1-2, 6, 26-27. Plaintiff's theory is that Microsoft was "unjustly enriched" because it passed through costs arising from tariffs that were later held to be "unlawful, invalid, and void." *Id.* ¶¶ 27, 42, 68. Plaintiff's claims therefore require a court to determine whether IEEPA tariffs imposed before the Supreme Court's decision in *Learning Resources* were lawful and whether the evolving federal tariff refund program entitles Microsoft to recover tariff costs from the federal government. In other words, there is no way to adjudicate Plaintiff's claims without necessarily construing IEEPA and applying the Supreme Court's *Learning Resources* decision. *See Merrell*, 478 U.S. at 808 ("[A] case may arise under federal law where the vindication of a right under state law necessarily turn[s] on some construction of federal law.").

18.     *Second*, the federal issue is actually disputed. Plaintiff's claims depend on the premise that Microsoft "was unjustly enriched by collecting and retaining" costs imposed under IEEPA. Ex. 2 ¶ 42. Plaintiff's Complaint expressly invokes federal law to establish the "illegality" of the tariffs, alleging that "the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful." *Id.* ¶ 26.

19.     Plaintiff further relies on federal law to assert that "Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members" through the federal tariff refund program administered by U.S. Customs and Border Protection ("CBP"). *Id.* ¶¶ 7, 10, 28, 40. Whether, and to what extent, the *Learning Resources* decision created an entitlement to refunds—and whether Microsoft's alleged retention of pass-through costs constitutes "unjust enrichment"—requires interpretation of the scope and

NOTICE OF REMOVAL - 5
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

effect of the Supreme Court's ruling on IEEPA's statutory authorization.  These are contested federal legal issues that will be central to resolving Plaintiff's claims.

20.    *Third*, the federal issue is substantial.  The substantiality inquiry "looks . . . to the importance of the issue to the federal system as a whole."  *Gunn*, 568 U.S. at 260.  Here, Plaintiff's claims implicate significant questions about the scope and effect of IEEPA—a federal statute that grants the President sweeping emergency powers over international trade.  *See* 50 U.S.C. §§ 1701 *et seq.*  The Supreme Court's decision in *Learning Resources* addressed the scope of presidential authority under IEEPA, and this case necessarily requires further interpretation of that decision's effect on downstream commercial transactions.  The federal government has a strong interest in the uniform interpretation of:  (a) the scope of IEEPA's statutory authorization; (b) the effect of the Supreme Court's invalidation of tariffs on private parties; and (c) the operation of the federal tariff refund program administered by CBP.  *See* Ex. 2 ¶¶ 7, 28.  Inconsistent state court rulings on these questions could undermine federal policy and create confusion regarding the rights of importers and consumers affected by unlawful tariffs. The federal interest in uniform interpretation of IEEPA and the *Learning Resources* decision makes this federal issue substantial.

21.    *Fourth*, federal jurisdiction will not disturb the federal-state balance.  This case presents a discrete and unusual set of circumstances—claims arising directly from the Supreme Court's invalidation of tariffs imposed under a federal emergency powers statute.  Unlike ordinary state-law consumer protection or unjust enrichment claims, this case does not involve interpretation of state-law standards in the usual course; instead, it requires construction of IEEPA and the federal tariff refund framework.  There is no risk that exercising jurisdiction over this case will "herald[] a potentially enormous shift of traditionally state cases into federal courts."  *Grable*, 545 U.S. at 319.

22.    The claims here arise from a specific, time-limited set of tariffs imposed under federal authority and subsequently invalidated by the Supreme Court—a circumstance that is inherently limited in scope.  Moreover, Plaintiff's declaratory relief claim expressly invokes

NOTICE OF REMOVAL - 6
(Case No. 2:26-cv-02537)

federal court authority under a federal statute, seeking a declaratory judgment "pursuant to 28 U.S.C. § 2201." Ex. 2 ¶ 83. Exercising jurisdiction over these claims vindicates the federal interest in uniform interpretation of IEEPA without displacing state courts from their traditional role in adjudicating routine unjust enrichment disputes.

### B. CAFA Jurisdiction

23. The claims asserted by Plaintiff also give rise to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The action therefore is removable to this Court under 28 U.S.C. § 1441 and § 1453.

24. This Court has jurisdiction over this action under CAFA because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. §§ 1332(d)(2), (d)(2)(A), (d)(5)(B). Indeed, in Plaintiff's initial Complaint, he admitted that "This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act." Ex. 1–1 ¶ 17.

### 1. Plaintiff's Original Complaint Conceded Federal Jurisdiction under CAFA

25. Plaintiff's original Complaint, filed on June 17, 2026, while filed in the Superior Court of Washington, expressly alleged that federal subject-matter jurisdiction under CAFA was available. *See* Ex. 1–1 ¶ 17 ("This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act . . . because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.").

NOTICE OF REMOVAL - 7
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

26.    One day later, on June 18, 2026, Plaintiff filed the operative Amended Complaint, which dropped all CAFA allegations and asserted the Court's jurisdiction under Washington state law exclusively.  *See* Ex. 2 ¶ 15.

27.    However, Plaintiff "cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (cleaned up).  If a plaintiff could avoid removal "simply by drafting a complaint that neither uses the phrase 'class action' nor invokes Rule 23–like procedures" but otherwise contains the same substantive allegations, it "would render CAFA's removal provision meaningless." *Pac. Coast Fed'n of Fishermen's Ass'ns, Inc. v. Chevron Corp.*, 2023 WL 7299195, at *2 (N.D. Cal. Nov. 1, 2023).

### 2.    CAFA's "Class Action" Requirement Is Satisfied

28.    CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

29.    This case qualifies as a class action removable under Section 1332(d)(1)(B).

30.    Plaintiff's Amended Complaint repeatedly invokes *Federal* Rule of Civil Procedure 23.  *See* Ex. 2 ¶¶ 48, 56–59, 61, 63.

31.    Even if Plaintiff had intended to bring this action, or had actually brought this action, under Washington State's Rule 23 equivalent, this would still be a qualifying class action for CAFA purposes.  A "state statute or rule is similar to [federal] Rule 23 if it 'closely resembles' it 'or is like [federal] Rule 23 in *substance or in essentials*.'" *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 851 (9th Cir. 2020) (emphasis in original).  Because Wash. Super. Ct. Civ. R. 23(b) ("Class Actions") is sufficiently similar to Fed. R. Civ. P. 23(b), "a cause of action filed as and authorized as a class action under state law" like this one "is a 'class action' under CAFA, even if, after discovery or litigation of the class certification question, the cause of action might not be certifiable." *Id.* at 854.

NOTICE OF REMOVAL - 8
(Case No. 2:26-cv-02537)

32.    Plaintiff's Complaint also states that he "brings this action on behalf of himself and as a class action for all others similarly situated." Ex. 2 ¶ 48.

33.    Specifically, Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." *Id.* ¶ 49.

### 3.    CAFA's Minimal Diversity Requirement Is Satisfied

34.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

35.    This requirement is satisfied here because Plaintiff is allegedly a resident of California, *see* Ex. 2 ¶ 17, and Microsoft is a citizen of Washington, *see id.* ¶ 18. Because Microsoft is diverse from Plaintiff, CAFA's minimal diversity requirement is satisfied. *See King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 877 (9th Cir. 2018) (removal proper when defendant identified "at least one member of the putative class [who] was a citizen of a state other than [the defendant's state of citizenship]").

### 4.    CAFA's Amount-in-Controversy Requirement is Satisfied

36.    CAFA jurisdiction requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

37.    A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (recognizing *Dart*'s holding).

38.    In Plaintiff's first Complaint (which contains identical factual allegations to the Amended Complaint), he affirmatively alleged that "the amount in controversy exceeds the sum

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

or value of $5,000,000.00, exclusive of interest and costs," in invoking this Court's jurisdiction under CAFA.  Ex. 1–1 ¶ 17.

39.     The Amended Complaint seeks "compensatory, statutory, and punitive damages," "an order of restitution and all other forms of equitable monetary relief," as well as injunctive relief.  Ex. 2, Prayer for Relief.  These remedies are included in any amount-in-controversy analysis.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy . . . includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." (cleaned up)).  Given that Plaintiff seeks to represent a putative class that he estimates "is so numerous that the joinder of all members is impracticable," Ex. 2 ¶ 57, Microsoft sells at least thousands of Xbox consoles each month, and each console costs hundreds of dollars, there is a "plausible" basis to conclude that "the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.

40.     More specifically, Plaintiff alleges that, "[d]uring the period the tariffs were effective," Microsoft increased prices on Xbox consoles, Ex. 2 ¶ 33, and that by doing so it "passed on the tariffs to consumers," *id.* ¶¶ 36, 39.

41.     The Amended Complaint cites to, and therefore incorporates by reference, news articles stating, among other things, that retail prices on certain Xbox consoles increased by $100 on or around May 1, 2025.  *Id.* ¶ 34 n.3; *see, e.g.*, Michael Kan, *Microsoft Raises Prices on Xbox Hardware and Games: Act Fast to Avoid Paying Extra*, PC Mag (May 1, 2025), https://perma.cc/5NVT-SBMJ.

42.     Under Plaintiff's theory, during the 295 days between May 1, 2025, and the *Learning Resources* decision on February 20, 2026, Microsoft needed to sell only 50,000 Xbox consoles—or 170 per day—for allegedly IEEPA-related price increases to total $5 million of alleged additional cost to putative class members ($5 million ÷ $100 = 50,000).

43.     Microsoft sold more than 50,000 Xbox consoles between May 1, 2025 and February 20, 2026.

NOTICE OF REMOVAL - 10
(Case No. 2:26-cv-02537)

44.     The Amended Complaint seeks recovery of IEEPA-related price increases, such that well above $5 million is placed in controversy, satisfying CAFA's amount-in-controversy requirement.

**5.    CAFA's Numerosity Requirement is Satisfied**

45.     This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to state a claim on behalf of a "[n]ationwide [c]lass" of "[a]ll customers of [Microsoft] who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." Ex. 2 ¶ 49.

46.     Microsoft sells at least thousands of Xbox consoles each month in the United States. Plaintiff himself claims that the putative class "is so numerous that the joinder of all members is impracticable," *id.* ¶ 57. The proposed class exceeds 100 members.

**6.    None of the Exceptions to CAFA Jurisdiction Apply**

47.     None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. §§1332(d)(3)–(4) applies here. Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(I)–(II)(cc); *see also* 28 U.S.C. § 1332(d)(4)(B) (also excepting cases where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed").

48.     Plaintiff seeks to represent a "[n]ationwide [c]lass" of "[a]ll customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." Ex. 2 ¶ 49. Based on the allegations in the Complaint and Plaintiff's proposed class definition, there is no basis to infer that "two thirds" of the proposed class—comprised of citizens of all 50 states and the District of Columbia—are

NOTICE OF REMOVAL - 11
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

citizens of Washington state.  Indeed, Washington state does not even rank in the top ten most populous states.  *See* U.S. Census Bureau, *2019 U.S. Population Estimates Continue to Show the Nation's Growth Is Slowing* (Dec. 30, 2019), https://www.census.gov/newsroom/press-releases/2019/popest-nation.html.  Therefore, the exception does not apply here.  This action also does not fall within the exclusions described in 28 U.S.C. §§ 1332(d)(9) and 1453(d), as Plaintiff's claim does not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor does it involve state-centric governance issues.

49.    Moreover, "[t]he burden of establishing that a CAFA exception applies" would be on Plaintiff.  *King*, 903 F.3d at 878; *see also Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1122 (9th Cir. 2017) ("The burden is not on [defendant] to prove the inapplicability of a CAFA exception[.]").

50.    Removal to the Western District of Washington is also proper because although Microsoft is a resident of Washington state, under CAFA, a "class action may be removed to a district court . . . without regard to whether any defendant is a citizen of the State in which the action is brought."  28 U.S.C. § 1453(b).

51.    For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

## IV.    PROCEDURAL STATEMENT

### A.    Notice of Removal Is Timely

52.    Plaintiff served Microsoft with the Complaint on June 18, 2026, and the Amended Complaint on June 23, 2026.  *See* Exs. 1–7, 1–9.

53.    Removal of this action is therefore timely under 28 U.S.C. § 1446(b) because Microsoft files this Notice of Removal within 30 days after service of the Summons and Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

NOTICE OF REMOVAL - 12
(Case No. 2:26-cv-02537)

**B.      Venue of Removed Action Is Proper**

54.      Venue properly lies in the United States District Court for the Western District of Washington because King County Superior Court lies within the Western District of Washington.  28 U.S.C. § 128.  Accordingly, removal to this District is proper.  *See* 28 U.S.C. § 1441(a).  The Seattle Division is the proper division because the action is being removed from King County.  *See* LCR 3(e)(1).

**C.      Notice to State Court and Plaintiff**

55.      Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through his counsel of record.  A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

**D.      Pleadings in the State Court**

56.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Microsoft are attached as Exhibit 1.  Pursuant to LCR 101(b), the Amended Complaint is attached separately as Exhibit 2.

**E.      LCR 101(b) Requirements Are Met**

57.      In accordance with LCR 101(b), Microsoft has filed contemporaneously with this Notice of Removal a copy of the operative Amended Complaint, which is separately attached as Exhibit 2.  A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal.  Microsoft has also filed a completed Civil Cover Sheet, which the ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.  The removal of this action terminates all proceedings in the Superior Court.  *See* 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL - 13
(Case No. 2:26-cv-02537)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 17th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Emily Parsons*
  Emily Parsons, WSBA #57061
  920 Fifth Avenue, Suite 3300
  Seattle, WA 98104-1610
  Tel: 206.622.3150
  Fax: 206.757.7545
  Email: emilyparsons@dwt.com

  James Moon, (*pro hac vice* forthcoming)
  865 South Figueroa Street, Suite 2400
  Los Angeles, CA 90017-2566
  Main: 213.633.6800
  Fax: 213.633.6899
  Email:  jamesmoon@dwt.com

COVINGTON & BURLING LLP

  Valerie L. Hletko (*pro hac vice* forthcoming)
  Laura Flahive Wu (*pro hac vice* forthcoming)
  One CityCenter
  850 Tenth Street, NW
  Washington, DC 20001-4956
  Tel: 202.662.6000
  Email: vhletko@cov.com
    lflahivewu@cov.com

*Attorneys for Defendant Microsoft Corporation*

NOTICE OF REMOVAL - 14
(Case No. 2:26-cv-02537)

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

STRAUSS BORRELLI PLLC

Samuel J. Strauss
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

STRANCH, JENNINGS & GARVEY, PLLC

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff (*pro hac vice* forthcoming)
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Attorneys for Plaintiff & Proposed Class*

DATED this 17th day of July, 2026.

By: */s/ Emily Parsons*
Emily Parsons, WSBA #57061

NOTICE OF REMOVAL - 15
(Case No. 2:26-cv-02537)