# EXHIBIT 1-1

Case 2:26-cv-02537 Document 1-1 Filed 07/17/26 Page 1 of 14

FILED
2026 JUN 17 12:58 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-19546-3 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

TREVOR HASTINGS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

No. _____ SEA

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Trevor Hastings ("Plaintiff") brings this Class Action Complaint against Defendant Microsoft Corporation ("Defendant" or "Microsoft") as an individual and on behalf of all others similarly situated, and alleges, upon personal knowledge as to Plaintiff's own actions and to counsels' investigation, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      This class action arises from Microsoft's retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701.

2.      Beginning in roughly February 2025, the United States government imposed tariffs later found to be illegal on imports from numerous countries.

CLASS ACTION COMPLAINT – 1

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

3. These tariffs increased the cost of goods imported into the United States.

4. Many U.S. companies – including Microsoft – responded to these illegal tariffs by increasing their prices on products like the XBox, passing the cost of the illegal tariffs on to consumers like Plaintiff.

5. American consumers paid higher retail prices imposed by retailers like Defendant for consumer goods after the tariffs were imposed.

6. The Supreme Court eventually held that these tariffs were illegal. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

7. Importers and retailers like Defendant became entitled to refunds of the duties they had previously paid to the U.S. Customs and Border Protection ("CBP").

8. Microsoft collected the costs of the tariffs by raising prices on consumers.

9. Microsoft retained those costs.

10. Microsoft has sought refunds of those same tariff payments from the federal government.

11. If unchecked, Microsoft will reap those tariff payments twice – once in the form of pass-through costs imposed on consumers like Plaintiff, and then again from the federal government through its tariff refund program, including interest.

12. That result is unjust.

13. Plaintiff brings this action on behalf of thousands of consumers who purchased goods from Microsoft who paid inflated prices reflecting Microsoft's increased prices based on Microsoft's pass-through of the tariffs.

14. Plaintiff seeks restitution of the tariff overcharges, together with declaratory and monetary relief.

CLASS ACTION COMPLAINT – 2

**PARTIES, JURISDICTION & VENUE**

15.    Plaintiff Trevor Hastings is a resident citizen of Chula Vista, CA. During the Class Period, Plaintiff purchased goods from a retailer selling Microsoft products that were imported from countries subject to the IEEPA tariffs. Plaintiff paid retail prices for these goods that were increased by Microsoft to account for tariffs imposed on imported products. Plaintiff would not have paid those higher prices absent the unlawful tariffs and Microsoft's pass-through of those tariffs to consumers.

16.    Defendant Microsoft Corporation is a company registered in Washington. Its principal place of business or headquarters is located at 1 Microsoft Way, Redmond, Washington 98052, with a registered agent of Corporation Service Company, 300 Deschutes Way SW, Ste 208 MC-CSC1, Tumwater, WA 98501.

17.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from each Defendant.

18.    This Court has personal jurisdiction over Defendant, because its principal place of business is in this District.

19.    Venue is proper under 28 U.S.C. §1391 because Defendant's principal place of business is in this District.

**FACTUAL ALLEGATIONS**

20.    Microsoft is a software and electronics company. It owns and operates all subsidiaries and divisions that manufacture and sell the Xbox line of video game consoles.

CLASS ACTION COMPLAINT – 3

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

21.     It manufactures and sells video game consoles and related products, including the XBox line of consoles.

22.     Many of Microsoft's console products are manufactured outside the United States.

23.     President Trump's invocation of IEEPA tariffs increased Microsoft's cost of importing goods into the United States.

24.     The importer of record is required under U.S. law to pay tariffs when goods enter this country.

25.     Microsoft was required to pay tariffs when its goods entered the United States.

26.     On February 20, 2026, the Supreme Court of the United States held that IEEPA does not authorize the President to impose tariffs and that such tariffs were unlawful and imposed without statutory authority. *Learning Resources, Inc. v. Trump*, 607 U.S. ___ (2026).

27.     As a result of that decision, the tariffs Defendant relied upon to impose charges on Plaintiff and Class members were unlawful, invalid, and void.

28.     Retailers are now seeking refunds from the federal government.

29.     CBP has not imposed any legal requirement on businesses that paid IEEPA tariffs to refund the money to consumers who may have paid higher prices for those goods.

30.     Microsoft has not publicly committed to returning anything to consumers.

31.     The Dallas Federal Reserve concluded in May 2026 that the cost of goods with the greatest tariff exposure rose and inflated consumer prices during the tariff period.[1]

32.     Another study concluded that consumer prices had risen during the tariff period.[2]

33.     During the period the tariffs were effective, Microsoft increased its prices on consumers.

---

[1] https://www.dallasfed.org/research/economics/2026/0505-mau
[2] https://budgetlab.yale.edu/research/tracking-economic-effects-tariffs

CLASS ACTION COMPLAINT – 4

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

34.    Media reports during the tariff period reflect that Microsoft was increasing the prices due to the tariffs, including on the Xbox console line.[3]

35.    Microsoft made pricing decisions in response to the tariffs.

36.    Microsoft passed on the costs of the tariffs to consumers through higher prices, at least in part.

37.    Plaintiff and class members paid tariff-inflated prices to Microsoft during the Class Period.

38.    Microsoft stands to benefit enormously if the tariff refunds are paid.

39.    Microsoft passed tariff-related costs through to consumers in the form of higher prices.

40.    Microsoft stands to recover from the government costs whose economic burden was borne, in whole or in part, by Plaintiff and Class Members.

41.    Microsoft stands to receive a windfall – it recouped tariff costs from consumers, and now stands to recover those same costs from the government.

42.    Defendant was unjustly enriched by collecting and retaining money to which it was not legally entitled.

43.    Plaintiff and Class members suffered economic injury as a direct result of Defendant's conduct, including payment of unlawful tariff-related charges and associated fees.

44.    Defendant's conduct was uniform and systematic, affecting thousands of customers nationwide, and was carried out pursuant to standardized policies, practices, and contractual terms.

---

[3] https://www.reuters.com/business/microsoft-hikes-xbox-prices-us-once-again-tariff-challenges-persist-2025-09-19/; https://www.cnbc.com/2025/09/19/microsoft-xbox-prices-tariffs-macroeconomic-conditions.html; https://www.pcmag.com/news/microsoft-raises-prices-on-xbox-hardware-and-games-act-fast-to-avoid-paying; https://finance.yahoo.com/news/microsoft-raises-xbox-console-prices-games-to-start-at-80-amid-tariff-uncertainty-181623260.html; https://www.axios.com/2025/05/01/xbox-price-increase-trump-tariffs-microsoft.

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

CLASS ACTION COMPLAINT – 5

45.    Plaintiff brings this action on behalf of himself and all similarly situated persons to recover damages, restitution, disgorgement, and equitable relief arising from Defendant's unlawful conduct.

46.    Absent relief from this Court, Defendant will continue to retain funds obtained through unlawful charges.

47.    Plaintiff bought an Xbox console from a retailer selling Microsoft products during the Class Period. He paid higher prices as a result of the tariffs.

## CLASS ACTION ALLEGATIONS

48.    Plaintiff brings this action on behalf of himself and as a class action for all others similarly situated, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

49.    **Nationwide Class**: All customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs (the "Class").

50.    This Nationwide Class shall be referred to herein as the "Class."

51.    Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

52.    Excluded from the Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

53.    The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or

CLASS ACTION COMPLAINT – 6

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

its affiliates and agents and from major retail sellers.

54.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

55.    The proposed Class is so numerous that the joinder of all members is impracticable.

56.    This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

57.    **Numerosity: Fed. R. Civ. P. 23(a)(1)** – Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown currently, such information is in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process.

58.    **Typicality: Fed R. Civ. P. 23(a)(3)** – Plaintiff's claims are typical of the claims of the members of the Class, because, inter alia, all Class Members have been injured through the uniform misconduct described above. Moreover, Plaintiffs' claims are typical of the Class Members' claims because Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class. In addition, Plaintiffs are entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

59.    **Adequacy: Fed. R. Civ. P. 23(a)(4)** – Plaintiff will fairly and adequately protect the interest of the members of the Class. Plaintiff and the members of the Class were all assessed pass-through tariffs in the form of higher prices on retail products.

60.    Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained competent counsel experienced in complex litigation and class action litigation.

CLASS ACTION COMPLAINT – 7

Plaintiff have no antagonistic interest to those of the Class, and Defendant has no defenses unique to Plaintiff.

61. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** – A class action is superior to all other available means for the fair and efficient adjudication of claims of Plaintiff and Class Members. There are questions of law and fact common to all Class Members that predominate over questions affecting only individual Class Members. The damages or other financial detriment suffered by individual Class is relatively small compared to the burden and expense that would be incurred by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class, on an individual basis, to obtain effective redress for the wrongs committed against him or her. Further, even if the Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. On the other hand, the class action device provides the benefits of adjudication of these issues in a single proceeding, economics of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

62. Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class, and other equitable relief on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described. Unless a Class is certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiffs and the members of the Class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these alleged violations, and the members of the Class may continue to be unfairly treated making final injunctive relief appropriate with respect to the

CLASS ACTION COMPLAINT – 8

Class as a whole.

63.    **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** – This action involves questions of law and fact common to the Classes. The common legal and factual questions include, but are not limited to, the following:

a.    Whether Defendant engaged in the uniform conduct, practices, representations, omissions, or policies alleged herein;

b.    Whether Defendant's conduct was unlawful, unfair, deceptive, misleading, or otherwise actionable under applicable federal and state law;

c.    Whether Microsoft paid tariffs imposed under IEEPA on imported goods during the class period;

d.    Whether Microsoft increased retail prices on goods sold to consumers in response to the tariffs;

e.    Whether Microsoft sought or will seek refunds of those tariff costs it paid to the federal government;

f.    Whether Defendant's conduct caused injury to Plaintiff and Class Members;

g.    Whether Defendant was unjustly enriched as a result of the conduct alleged herein;

h.    Whether Defendant is liable to Plaintiff and Class Members for damages, restitution, disgorgement, or other equitable relief.

64.    These common questions are capable of class wide resolution because they arise from Defendant's uniform conduct and do not depend on individualized proof. The determination of these issues will resolve central aspects of Defendant's liability in a single adjudication and will materially advance the resolution of this litigation.

CLASS ACTION COMPLAINT – 9

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

**CAUSES OF ACTION**

**COUNT I**
**UNJUST ENRICHMENT / RESTITUTION**

65.    Plaintiff incorporates all previous paragraphs as if fully set forth herein.

66.    Plaintiff and Class members conferred a direct financial benefit upon Defendant by paying increased retail prices imposed by Defendant.

67.    Defendant knowingly received and accepted these benefits.

68.    Under principles of equity and good conscience, Defendant should not be permitted to retain the amount of the price increases obtained from Plaintiffs and members of the Class, which Defendant unjustly obtained as a result of its price increases on goods subject to unlawful tariffs.

69.    Defendant retained profits generated from sales of products subject to tariff-related price increases, and should not be permitted to retain those ill-gotten profits when it is seeking a refund of the duties it paid.

70.    It would be inequitable and unjust for Defendant to retain these funds.

71.    Plaintiff and Class members suffered economic injury as a result of Defendant's unjust retention of these funds.

72.    Defendant was unjustly enriched at the expense of Plaintiff and Class members.

73.    Equity and good conscience require that Defendant disgorge all unlawfully obtained funds and make restitution to Plaintiff and Class members.

**COUNT II**
**MONEY HAD AND RECEIVED**

74.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

CLASS ACTION COMPLAINT – 10

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

75.     Defendant received monies from Plaintiff and Class members in the form of tariff pass-through surcharges.

76.     The Supreme Court has determined that the tariffs were unlawful.

77.     The money belonged to Plaintiff and the Class Members.

78.     Defendant has not returned the money.

79.     It would offend equity and good conscience if Defendant is permitted to retain the tariff pass-through surcharges.

80.     Plaintiff seeks all remedies available under the law, including, if available, actual damages, nominal damages, compensatory damages, punitive damages, and other remedies available.

## COUNT III
## DECLARATORY JUDGMENT

81.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

82.     An actual controversy exists between Plaintiff and Defendant regarding the rights and obligations of the parties with respect to the IEEPA tariffs collected by Defendant from Plaintiff and Class Members. This controversy is not hypothetical or abstract.

83.     Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 that:

  a.  Defendant's conduct was uniform in increasing prices at least in part due to IEEPA tariffs.

  b.  Plaintiff rightfully owns the tariff-related surcharges imposed by Defendant in the form of higher prices.

  c.  Plaintiff suffered an injury by having been required to pay Defendant a tariff surcharge.

CLASS ACTION COMPLAINT – 11

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

84.    This Court can exercise its equitable power to enter a declaratory judgment that retention of the tariff surcharges paid by Plaintiffs but refunded to Defendant is unlawful for any of the above reasons.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Class alleged herein, respectfully request that the Court enter judgment in their favor and against the Defendant as follows:

A.    For an order certifying the Class and naming Plaintiff as the representative for the Class and Plaintiffs' attorneys as Class Counsel;

B.    For an order declaring that Defendant's conduct violates the causes of action referenced herein;

C.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For prejudgment interest on all amounts awarded;

F.    For an order of restitution and all other forms of equitable monetary relief;

G.    For injunctive relief as pleaded or as the Court may deem proper;

H.    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit; and

I.    For an order providing for all other such equitable relief as may be just and proper.

CLASS ACTION COMPLAINT – 12

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## DEMAND FOR JURY TRIAL

Plaintiff will demand a jury trial by separate document in accordance with Local Civil Rule 38(a).

RESPECTFULLY SUBMITTED this 17th day of June, 2026.

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com

J. Gerard Stranch, IV (*pro hac vice* forthcoming)
Grayson Wells (*pro hac vice* forthcoming)
Michael Tackeff(*pro hac vice* forthcoming)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

*Counsel for Plaintiff & Proposed Class*

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com