The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TREVOR HASTINGS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | No. 2:26-cv-02537-JLR<br><br>**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>NOTED ON MOTION CALENDAR: October 2, 2026[1]<br><br>ORAL ARGUMENT REQUESTED |

[1] Pursuant to the Local Rules and the Court's July 29, 2026 Order (Dkt. 18).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

BACKGROUND ........ 2

I. History of IEEPA Tariffs ........ 2

II. Plaintiff's Allegations ........ 3

LEGAL STANDARD ........ 4

ARGUMENT ........ 4

I. Plaintiff Fails to State a Plausible Claim for Unjust Enrichment. ........ 5

A. The doctrine of unjust enrichment does not apply to Plaintiff's Xbox purchase. ........ 5

B. Plaintiff does not allege that he conferred a "benefit" on Microsoft at his expense. ........ 6

II. Plaintiff Fails to State a Plausible Claim for Money Had and Received. ........ 8

III. Plaintiff Fails to State a Claim for Declaratory Judgment. ........ 9

CONCLUSION ........ 10



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Austin v. Ettl*,
171 Wash. App. 82 (2012)....................8

*City of Reno v. Netflix, Inc.*,
52 F.4th 874 (9th Cir. 2022)....................9

*Coast Trading Co. v. Parmac, Inc.*,
21 Wash. App. 896 (1978)....................9

*Ehsani v. McCullough Family P'ship*,
160 Wash. 2d 586 (2007)....................9

*Erwin v. Cotter Health Ctrs.*,
161 Wash. 2d 676 (2007)....................5

*Farwest Steel Corp. v. Mainline Metal Works, Inc.*,
48 Wash. App. 719 (1987)....................6, 8

*Learning Res., Inc. v. Trump*,
607 U.S. 229 (2026)....................2

*Leslie v. Fid. Nat'l Title Ins. Co.*,
598 F. Supp. 2d 1176 (W.D. Wash. 2009)....................9

*Lewis v. Chase Home Fin. LLC*,
2011 WL 6149245 (W.D. Wash. Dec. 12, 2011)....................5

*Montes v. SPARC Grp. LLC*,
6 Wash. 3d 321, 333 (2026) (en banc)....................8

*Northwood Est., LLC v. Lennar Nw., Inc.*,
2020 WL 1033579 (Wash. Ct. App. 2020)....................5

*Patrick v. Ramsey*,
2023 WL 6680913 (W.D. Wash. Oct. 12, 2023)....................6

*Routt v. Amazon.com, Inc.*,
2012 WL 5993516 (W.D. Wash. Nov. 30, 2012)....................7



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*,
139 Wash. 2d 824 (2000) ....... 6

*Snyder v. Farnam Cos.*,
792 F. Supp. 2d 712 (D.N.J. 2011) ....... 6

*Taie v. Ten Bridges LLC*,
568 F. Supp. 3d 1126 (W.D. Wash. 2021) ....... 5

*Taylor v. Amazon, Inc.*,
2024 WL 3326430 (W.D. Wash. July 8, 2024) ....... 7

*Trump v. CASA, Inc.*,
606 U.S. 831 (2025) ....... 2

*V.O.S. Selections, Inc. v. Trump*,
2025 WL 1527040 (Fed. Cir. May 29, 2025) ....... 2, 8

*In re Whirlpool Corp. Front Loading Washer Prods. Liab. Litig.*,
684 F. Supp. 2d 942 (N.D. Ohio 2009) ....... 6

*Wojda v. Wash. State Emps. Credit Union*,
2016 WL 3218832 (W.D. Wash. June 9, 2016) ....... 9

*Young v. Young*,
164 Wash. 2d 477 (2008) ....... 5, 6, 7

**Statutes**

19 U.S.C. § 1505(a) ....... 8

50 U.S.C. § 1702(a)(3) ....... 8

RCW 62A.2-313 ....... 6

RCW 62A.2-711 ....... 5

RCW 62A.2-721 ....... 6

**Other Authorities**

19 C.F.R. § 159.1 ....... 3

Federal Rule of Civil Procedure 12(b)(6) ....... 4, 7

Restatement (Third) of Restitution ....... 8



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**INTRODUCTION**

Last August, Plaintiff Trevor Hastings bought an Xbox game console manufactured by Microsoft Corporation ("Microsoft"). He paid for it, he received it, and he continues to use it. Plaintiff received the benefit of his bargain. But now he wants to go back and renegotiate the price he paid. He does not allege that the Xbox does not work the way he thought it would, that Microsoft made any misrepresentations about the Xbox's qualities, or that he paid the price for the Xbox only because he believed that it was based on a tariff. He does not even allege that Microsoft publicly stated that Xbox prices were based on the tariff. Indeed, companies set prices based on many factors, including component costs, overhead, competition, and taxes—and those factors fluctuate over time. Companies have no obligation to adjust those prices up or down day by day based on forecasts that do or do not materialize. And Plaintiff cites no source for any such duty—no provision of his contracts with Microsoft, no statute.

Because his contracts do not give him this right, Plaintiff instead asserts unjust enrichment and money had and received claims. These claims fail for two reasons. *First*, the Amended Class Action Complaint ("FAC"), ECF No. 1-8, alleges that Plaintiff has a contract with Microsoft, and the existence of that contract precludes his quasi-contract claims as a matter of law. *Second*, even if Plaintiff had not alleged that he has a contract with Microsoft, he fails to allege adequate facts to state either of his quasi-contract claims. Plaintiff fails to allege that he paid Microsoft directly, fails to allege that any payment was at his expense when he received what he paid for, and nothing about the exchange was unjust.

Plaintiff also asserts a declaratory judgment claim, but the Declaratory Judgment Act does not provide an independent cause of action. Because Plaintiff's underlying substantive claims fail, his declaratory judgment claim necessarily fails as well.

For all of these reasons, Plaintiff has failed to state a claim for relief, and the FAC should be dismissed.[2]

---

[2] For the avoidance of doubt, in filing this motion Defendant does not intend to waive any right to seek to compel arbitration, and is filing a motion to that effect contemporaneously. If the Court does not grant the motion to compel arbitration, however, it should dismiss this case for the reasons explained in this brief.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## BACKGROUND

Microsoft is a global technology company that designs, manufactures, and sells a wide range of consumer products, including the Xbox family of video game consoles and games. Microsoft sells its Xbox consoles and games both directly to consumers and through a network of third-party retailers. Like many consumer electronics products, Xbox hardware is manufactured outside the United States.

### I. History of IEEPA Tariffs

In February 2025, the United States government began imposing tariffs on imports from numerous countries under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701. FAC ¶¶ 1–2. Under U.S. law, the importer of record is required to pay any duties owed when goods enter the country. FAC ¶ 24. After imposing the tariffs, the President issued numerous modifications, including increases, reductions, exemptions, and other adjustments, such that the applicable tariff rates changed multiple times over the following months. *Learning Res., Inc. v. Trump*, 607 U.S. 229, 238 (2026).

Shortly after the tariffs were announced, importers filed suit challenging the President's authority to impose them, arguing that IEEPA does not authorize the President to impose tariffs at all. *See id.* at 238–39; *see also* FAC ¶ 6. During the pendency of that litigation, including lengthy appeals related to its complicated procedural history, importers that were not parties to either case—including Microsoft—were required to pay the tariffs, because nationwide permanent injunctions were stayed. *See V.O.S. Selections, Inc. v. Trump*, 2025 WL 1527040, at *1 (Fed. Cir. May 29, 2025); *see also Trump v. CASA, Inc.*, 606 U.S. 831, 837, 856 (2025) (limiting federal courts' authority to issue universal injunctions).

The Supreme Court ultimately agreed with the challengers. On February 20, 2026, the Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Res.*, 607 U.S. at 255; FAC ¶ 6. The Court invalidated the IEEPA tariffs, leading the United States to initiate a refund process. *Id.* at 334 (Kavanaugh, J., dissenting) (acknowledging that the majority decision could require the United States to "refund billions of dollars to importers who paid the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

IEEPA tariffs"). The *Learning Resources* decision did not resolve the mechanics of any refund process, and it left open a series of disputes over which importers, goods, shipments, or even specific devices are eligible for tariff refunds.

As the importer of record for products including Xbox consoles, Microsoft was required to pay these tariffs when its goods entered the country. *See* FAC ¶ 7. Many importers, including Microsoft, have applied for refunds for all or a portion of the refund-eligible tariffs. FAC ¶¶ 10, 28. The government has taken the position, in related litigation, that importers cannot obtain refunds of finally liquidated entries unless they filed a complaint in the Court of International Trade ("CIT")—resulting in disputes over which shipments and devices are eligible for refunds.[3] *See* Defs.' Resp. to Order to Show Cause at 3, 5, 8, *V.O.S. Selections, Inc. v. Trump*, No. 1:25-cv-00066 (Ct. Int'l Trade June 4, 2026), ECF No. 98. Plaintiff does not allege that Microsoft has filed a complaint in the CIT to recover the duties it paid, and as of the date of this filing Microsoft has not done so.

## II. Plaintiff's Allegations

Plaintiff Trevor Hastings brings this putative class action against Microsoft, alleging that Microsoft manufactures and sells video game consoles and related products, including its Xbox line, and that "[m]any of Microsoft's console products are manufactured outside the United States." FAC ¶¶ 20–22. Plaintiff alleges that Microsoft raised its prices because of the IEEPA tariffs. FAC ¶¶ 4, 31–35. Plaintiff further alleges that he purchased an "Xbox console from a retailer selling Microsoft products during the Class Period," and that "he paid higher prices as a result of the tariffs." FAC ¶ 47. He does not make any allegations about dissatisfaction with the Xbox, or any allegations that the Xbox does not work as expected. He also does not allege having been charged any specific, separate amount attributable to IEEPA or any other tariffs. Nor does he allege the price he claims he would have paid but for the tariffs, reliance on any

[3] "Liquidation means the final computation or ascertainment of duties on entries for consumption or drawback entries" and is the point at which importers can no longer challenge duties through administrative processes. 19 C.F.R. § 159.1.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

statement by Microsoft about tariffs in deciding to purchase his Xbox, or any understanding he had with respect to tariffs or pricing whatsoever.

Plaintiff alleges only that Microsoft has applied for some, unspecified tariff refunds from the federal government, FAC ¶ 10, and that Microsoft "has not publicly committed to returning anything to consumers," FAC ¶ 30. Plaintiff contends that if Microsoft is permitted to retain refunds from the government, it will be unjustly enriched. FAC ¶ 11.

Plaintiff seeks to represent a nationwide class defined as "[a]ll customers of Defendant who purchased goods from Microsoft during the period in which Microsoft's prices were inflated at least in part due to the tariffs." FAC ¶ 49. He asserts three causes of action against Microsoft for unjust enrichment, money had and received, and a declaratory judgment. FAC ¶¶ 65–84.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a plaintiff must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

Each of Plaintiff's claims fails. Plaintiff cannot state a claim for unjust enrichment where he purchased a good and was provided that good. Similarly, Plaintiff cannot state a claim for money had and received because there was no inequitable conduct. Finally, Plaintiff cannot state a claim for declaratory relief, because neither of the underlying substantive claims survives.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. Plaintiff Fails to State a Plausible Claim for Unjust Enrichment.

### A. The doctrine of unjust enrichment does not apply to Plaintiff's Xbox purchase.

The "[p]rime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy . . . their rights and liabilities under the contract." *Erwin v. Cotter Health Ctrs.*, 161 Wash. 2d 676, 700 (2007) (alteration in original). Where there is no contract governing the parties' relationship, the doctrine of unjust enrichment supplies a remedy to prevent one party from retaining a benefit that the law cannot otherwise reach. *Northwood Est., LLC v. Lennar Nw., Inc.*, 2020 WL 1033579, at *8 (Wash. Ct. App. 2020) (unpublished). But unjust enrichment "does not apply where there is a valid express contract between the same parties covering the same subject matter." *Taie v. Ten Bridges LLC*, 568 F. Supp. 3d 1126, 1133 (W.D. Wash. 2021); *see also Lewis v. Chase Home Fin. LLC*, 2011 WL 6149245, at *12 (W.D. Wash. Dec. 12, 2011) (Robart, J.) (dismissing unjust enrichment claim where the parties had a contract relating to the transaction); *Young v. Young*, 164 Wash. 2d 477, 484 (2008) (affirming award of market value of improvements to property where parties had a shared understanding of the work to be done but no actual contract governing such work). Here, Plaintiff alleges that Microsoft's alleged "conduct was uniform and systematic . . . and was carried out pursuant to standardized . . . contractual terms." FAC ¶ 44. Because Plaintiff alleges that he has a contract with Microsoft governing the alleged conduct at issue, he cannot state a claim for unjust enrichment.

Even if Plaintiff did not have a valid contract with Microsoft, his equitable claim would be displaced by Article 2 of Washington's Uniform Commercial Code ("UCC"). Consumer goods like the Xbox are sold at posted "all-in" retail prices, which the public is aware of before purchase—not à la carte—based on an array of factors including the seller's or manufacturer's underlying cost inputs, overhead costs, profit margins, and competitive market conditions. These sales are governed by the UCC, including its provisions about appropriate remedies. *See* RCW 62A.2-711 ("Buyer's remedies in general"). Plaintiff's theory that his Xbox was, in retrospect, overpriced would be governed by provisions governing representations as to value, quality, or



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

characteristics. *See, e.g.*, RCW 62A.2-721; RCW 62A.2-313. The UCC leaves no gap to fill with an equitable unjust enrichment claim. *See Seattle Pro. Eng'g Emps. Ass'n v. Boeing Co.*, 139 Wash. 2d 824, 839 (2000) (en banc) (holding that because employees had an adequate remedy under statute, they were "not entitled to pursue a remedy in equity").

**B. Plaintiff does not allege that he conferred a "benefit" on Microsoft at his expense.**

Even if Plaintiff's theory of unjust enrichment were not precluded by the existence of an adequate remedy at law, he cannot allege sufficient facts to state a plausible claim for unjust enrichment. To state a claim, Plaintiff must plausibly allege that (1) Microsoft received a benefit; (2) the benefit is at Plaintiff's expense; and (3) the circumstances make it unjust for Microsoft to retain the benefit without payment. *Young*, 164 Wash. 2d at 484. Plaintiff has failed to adequately allege all three elements.

First, Plaintiff has alleged that, like all of the purported class members, he bought the Xbox pursuant to "standardized . . . contractual terms." FAC ¶ 44. As explained above, those contracts between the parties preclude Plaintiff's unjust enrichment claim. Plaintiff also alleges, however, that he bought his Xbox from "a retailer." FAC ¶ 47. In other words, he does not allege that he paid Microsoft directly for the Xbox. Because Plaintiff does not allege that the "benefit" of the payment went to Microsoft, Plaintiff fails to sufficiently allege the first element. *See Patrick v. Ramsey*, 2023 WL 6680913, at *4 (W.D. Wash. Oct. 12, 2023) (Robart, J.) ("[T]he Washington Court of Appeals has repeatedly held that the first element of an unjust enrichment claim requires the plaintiff to confer a benefit on the defendant directly."); *see also Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wash. App. 719, 732–33 (1987) (holding that the defendant "must be more than a mere incidental beneficiary" of the transaction to state a claim for unjust enrichment); *Snyder v. Farnam Cos.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) (dismissing unjust enrichment claim against manufacturer because plaintiff "never directly conferred a benefit on [d]efendant[s]"); *In re Whirlpool Corp. Front Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 951–52 (N.D. Ohio 2009) (same).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Second, Plaintiff has failed to adequately allege that any benefit to Microsoft from the Xbox purchase was at Plaintiff's expense. As discussed above, Plaintiff does not allege any inadequacy in the Xbox or misrepresentation by Microsoft that induced him to buy it. In addition, while Plaintiff's theory is that some portion of the price he paid should revert to him, his factual allegations in this regard are wholly inadequate. He does not allege the price he thinks he should have paid for his Xbox. He does not even allege the price he actually paid. And he does not allege any portion of the purchase price that he believes was attributable to tariffs. *See, e.g.*, *Taylor v. Amazon, Inc.*, 2024 WL 3326430, at *4 (W.D. Wash. July 8, 2024) (finding allegations that plaintiffs were overcharged to be inadequate where plaintiffs provided "no information regarding specific orders").

Indeed, Plaintiff's own cited sources make clear that "underlying macroeconomic conditions [separate from tariffs] can also differentially affect prices," Ron Mau & Tucker Smith, Fed. Rsrv. Bank of Dall., *Effects of Realized Tariff Changes on PCE Prices Peaked in First Quarter 2026* (May 5, 2026), https://perma.cc/2BMG-SZE5 (cited by FAC ¶¶ 31–32). As Plaintiff's authority also acknowledges, "strong competition and uncertain spending" may affect pricing. Zaheer Kachwala, Reuters, *Microsoft Hikes Xbox Prices in US Once Again as Tariff Challenges Persist* (Sept. 19, 2025), https://perma.cc/7KM9-EEB6.[4] In other words, the FAC itself establishes that pricing for products like Xboxes is based on a range of factors. And Plaintiff provides no specific allegations that would establish any pricing differential attributable to tariffs or suggest any possibility that Microsoft applied then or could recreate now any dollar-for-dollar calculation of tariff-related pricing—any more than it could any other market factor that affects pricing. Courts are not in the business of building theoretical economic models as substitutes for factual allegations.

Finally, Plaintiff fails to adequately allege any circumstances that would make it unjust for Microsoft to retain the amount paid for the Xbox. *See Young*, 164 Wash. 2d at 484.

---

[4] In ruling on a Rule 12(b)(6) motion, a court may consider documents incorporated by reference into the complaint without converting the motion to dismiss into a motion for summary judgment. *See Routt v. Amazon.com, Inc.*, 2012 WL 5993516, at *2 (W.D. Wash. Nov. 30, 2012).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

"Enrichment alone will not suffice to invoke the remedial powers of a court of equity. It is critical that the enrichment be unjust both under the circumstances and as between the two parties to the transaction." *Farwest Steel*, 48 Wash. App. at 732.

There is nothing unjust about Plaintiff purchasing an Xbox at an advertised price and getting exactly what he paid for—regardless of whatever theory he devised months later about Microsoft's cost structure. A party is not entitled to restitution simply "because a divergence between expectation and realization is later revealed." Restatement (Third) of Restitution & Unjust Enrichment § 6 cmt. d (2011); *see also Austin v. Ettl*, 171 Wash. App. 82, 92 (2012) (affirming dismissal of unjust enrichment claim premised on defendants' failure to "disclose the potential costs of the not-yet-extant" encumbrances on the plaintiff's property); *Montes v. SPARC Grp. LLC*, 6 Wash. 3d 321, 333 (2026) (en banc) ("Without more, the mere fact of a retail transaction does not imply economic loss" because "the market determines the fair market value.").

Nor is there anything inequitable or unjust about Microsoft's payment of tariffs that were enforceable at the time it paid them, even though they later were held to be unconstitutional. *See* 19 U.S.C. § 1505(a); *see also V.O.S. Selections*, 2025 WL 1527040, at *1 (granting stay of nationwide injunction of tariff charges pending appeal); 50 U.S.C. § 1702(a)(3) ("No person shall be held liable in any court for or with respect to anything done or omitted in good faith in connection with the administration of, or pursuant to and in reliance on, this chapter, or any regulation, instruction, or direction issued under this chapter."). Microsoft was complying with the law. That cannot be unjust.

**II. Plaintiff Fails to State a Plausible Claim for Money Had and Received.**

A claim for "money had and received" is fundamentally a claim for unjust enrichment, and Plaintiff's money-had-and-received claim fails for the same reasons as his unjust enrichment claim.

To succeed on the equitable claim of "money had and received," a plaintiff must demonstrate that the defendant received money "in such circumstances that the possessor will



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

give offense to equity and good conscience if permitted to retain it." *Ehsani v. McCullough Family P'ship*, 160 Wash. 2d 586, 592 (2007). It is an "ancient common law remedy" that, like unjust enrichment, is based upon quasi-contract. *Coast Trading Co. v. Parmac, Inc.*, 21 Wash. App. 896, 902 (1978). Both arise "independently of the express agreement or intent of the parties, where the facts are such that the holder of another's funds would be '*unjustly enriched*' if the law did not presume a promise to pay." *Id.* (emphasis added); *see also Wojda v. Wash. State Emps. Credit Union*, 2016 WL 3218832, at *4 (W.D. Wash. June 9, 2016) (considering claim for unjust enrichment and claim for money had and received under the same standard). Like Plaintiff's unjust enrichment claim, his money-had-and-received claim fails because the purchase was governed by a contract and there was nothing unjust about Plaintiff's purchase of an Xbox.

Some courts have articulated higher standards for money had and received claims than unjust enrichment claims, and Plaintiff fails to plead the elements to meet that higher standard. As this Court has held, the doctrine of money had and received requires a plaintiff to "show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it." *Leslie v. Fid. Nat'l Title Ins. Co.*, 598 F. Supp. 2d 1176, 1184 (W.D. Wash. 2009). The Washington Court of Appeals has provided specific examples of that more stringent "offense to equity and good conscience" standard, including violation of "some recognized equitable principle such as mistake, coercion, duress, fraud, illegality of contract, impossibility of performance or failure to perform a fiduciary duty." *Coast Trading Co.*, 21 Wash. App. at 902–03. Plaintiff does not allege any of those traditional inequities. Plaintiff's second claim should be dismissed.

### III. Plaintiff Fails to State a Claim for Declaratory Judgment.

Plaintiff's count for declaratory judgment merely restates Plaintiff's claims for unjust enrichment and money had and received. "[T]he Declaratory Judgment Act does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022). Plaintiff has not stated a claim for unjust enrichment or money had and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

received, and therefore there is no cause of action for declaratory judgment. As discussed above, Plaintiff does not have a claim to any tariff-related refunds or surcharges.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiff's claims with prejudice.

DATED this 21st day of August, 2026.

DAVIS WRIGHT TREMAINE LLP

By: */s/ Emily Parsons*
Emily Parsons, WSBA #57061
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7545
Email: emilyparsons@dwt.com

James Moon (*pro hac vice*)
865 South Figueroa Street
Suite 2400
Los Angeles, CA 90071-3487
Tel: (213) 633-6800
Email: jamesmoon@dwt.com

COVINGTON & BURLING LLP

Valerie Hletko (*pro hac vice*)
Laura Flahive Wu (*pro hac vice*)
Nathan Lange (*pro hac vice*)
Maeve McBride (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-6000
Email: vhletko@cov.com
Email: lflahivewu@cov.com
Email: nlange@cov.com
Email: mmcbride@cov.com

*Attorneys for Defendant Microsoft Corporation*

I certify that this memorandum contains 3,353 words, in compliance with the Local Civil Rules



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax