UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TREVOR HASTINGS,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

CASE NO. C26-2537JLR

ORDER

## I. INTRODUCTION

Before the court are Defendant Microsoft Corporation's ("Microsoft") motions to compel this matter to arbitration and to dismiss. (MTC (Dkt. # 19); MTC Reply (Dkt. # 30); MTD (Dkt. # 23); MTD Reply (Dkt. # 31).) Plaintiff Trevor Hastings opposes the motions. (Resp. (Dkt. # 25).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court

[1] Neither party requests oral argument, and the court finds that argument would not aid it in its resolution of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

GRANTS Microsoft's motion to compel arbitration and DENIES Microsoft's motion to dismiss without prejudice.

## II. BACKGROUND

In 2025, the United States government imposed tariffs on various goods imported into the United States pursuant to the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701. (*See* Am. Compl. (Dkt. # 1-12) ¶¶ 1-2.) Mr. Hastings alleges that Microsoft responded to the tariffs by increasing prices on its products, including its Xbox gaming console, thereby passing the cost of the tariffs on to consumers. (*Id.* ¶¶ 4-5.) In February 2026, the United States Supreme Court held that the tariffs were unlawful. *See Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026). As a result, importers and retailers like Microsoft became entitled to refunds of the illegal tariffs. (*See* Am. Compl. ¶¶ 40-41.) Mr. Hastings, who purchased an Xbox Series X console in August 2025 while the tariffs were in place, alleges that Microsoft unjustly retained the tariff refunds instead of refunding consumers who paid inflated prices for its products. (*See id.* ¶¶ 42-47; *see also* Zuberbier Decl. (Dkt. # 20) ¶ 2.)

Mr. Hastings filed this action in King County Superior Court on June 17, 2026. (*See* Compl. (Dkt. # 1-1) at 1.) He amended his complaint on June 18, 2026. (*See* Am. Compl. at 1.) Mr. Hastings asserts claims against Microsoft on behalf of a proposed nationwide class for unjust enrichment and money had and received under Washington law, along with a declaratory judgment "regarding the rights and obligations of the parties with respect to the IEEPA tariffs[.]" (*See id.* ¶¶ 49, 65-84.) Microsoft removed

the action on July 17, 2026, on the basis of federal question jurisdiction and the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*See generally* Not. of Removal (Dkt. # 1).)

On August 21, 2026, Microsoft moved to compel arbitration and to dismiss Mr. Hastings's amended complaint for failure to state a claim. (*See* MTC; MTD.) The motions are now fully briefed and ripe for decision.

## III. ANALYSIS

Microsoft argues that the court must compel this action to arbitration based on the arbitration clauses in two agreements: (1) the Warranty & Agreement ("W&A") referred to on and within the packaging of Mr. Hastings's Xbox console; and (2) the Microsoft Services Agreement ("MSA") that Mr. Hastings agreed to when he created his Xbox Live account and used its services. (*See* MTC at 1.) For the reasons set forth below, the court agrees with Microsoft that the W&A requires Mr. Hastings to pursue his claims in arbitration. Because the W&A is dispositive of Microsoft's motion to compel, the court need not, and does not, consider the MSA or Microsoft's motion to dismiss.

### A. Legal Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, governs arbitration agreements in any contract affecting interstate commerce. *See Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable" unless invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability. 9 U.S.C. § 2; *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). "[A]rbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein,*

*Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67 (2019) (citation omitted). In deciding whether to compel arbitration under the FAA, the court's inquiry is generally limited to two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023) (citation omitted).

**B. The W&A**

Microsoft includes an XBOX Console Product and Regulatory Guide, Limited Warranty & Agreement (the "Product Guide") in the box of each Xbox console. (Zuberbier Decl. ¶ 3-4; *id.* ¶ 4, Ex. 1 (Product Guide).) The version of the Product Guide included with Xbox Series X consoles like the one Mr. Hastings bought states that users "must accept" the W&A and directs purchasers to the URL where the terms of the W&A can be found. (Product Guide at 2.) This language states, in relevant part:

> **YOU MUST ACCEPT LIMITED HARDWARE WARRANTY & AGREEMENT AND MICROSOFT SERVICES AGREEMENT (BOTH WITH BINDING ARBITRATION AND CLASS ACTION WAIVER IN THE U.S.) AND SOFTWARE LICENSE TERMS**
>
> By purchasing or using your Microsoft Product, you agree to:
>
> - Manufacturer's Limited Hardware Warranty & Agreement at support.microsoft.com/warranty. Please read the summary starting on page 7. **If you live in . . . the United States, please read the bnding arbitration clause and class action waiver at aka.ms/hw-warr-abitration-523 and the summary starting on page 7. It affects how disputes concerning your Microsoft Product, its price, advertising, marketing, communications, your purchase transaction, billing, or the Manufacturer's Limited Hardware Warranty & Agreement are resolved.**
>
> * * *

> Please read these agreements. If you do not accept them, do not set up or use your Xbox Product (console or accessory). Return the Xbox Product to Microsoft or your retailer for a refund.

(*Id.* (emphasis in original).) The summary starting at page 7 of the Product Guide states, in relevant part:

> **SUMMARY OF MANUFACTURER'S LIMITED HARDWARE WARRANTY & AGREEMENT (WITH BINDING ARBITRATION AND CLASS ACTION WAIVER IN THE U.S.)**
>
> * * *
>
> **If you live in . . . the United States, please read the binding arbitration clause and class action waiver in Section 11 of the Limited Warranty & Agreement at aka.ms/hw-warr-arbitration-523.** It affects how disputes concerning your Microsoft Product, its price, advertising, marketing, communications, your purchase transaction, billing, or the Limited Warranty & Agreement are resolved. It binds you and Microsoft. Parts of the arbitration clause are as described below.
>
> **Any dispute not resolved by informal negotiation or in small claims court will be resolved only by individual binding arbitration under the Federal Arbitration Act before a neutral arbitrator whose decision will be final—not before a judge or jury, and not in a class action lawsuit, class-wide arbitration, private attorney-general action, or where someone requests a public injunction or acts in a representative capacity. . .** Section 11 of the Limited Warranty & Agreement contains the rest of the terms, instructions, and forms for notifying Microsoft of a dispute or commencing arbitration.

(*Id.* at 7-8 (emphasis in original).) The outside of the Xbox Series X box also notifies customers that they must accept the W&A. (Zuberbier Decl. ¶ 5, Exs. 2 (compressed view of the box), 3 (expanded view of the portion of the box that displays the notice ("Notice")).) That Notice states, in relevant part:

> **IMPORTANT!** You must accept the Xbox Software License Terms (xbox.com/slt), Microsoft Services Agreement (microsoft.com/msa), and Warranty & Agreement (xbox.com/warranty).

(Notice (emphasis in original).) The URLs in the Product Guide and on the box direct the user to the W&A. (Zuberbier Decl. ¶ 6.) The version of the W&A that was in effect when Mr. Hastings bought his Xbox console states, in relevant part:

> **MANUFACTURER'S LIMITED HARDWARE WARRANTY & AGREEMENT**
>
> This Manufacturer's Limited Hardware Warranty & Agreement ("Warranty") is an agreement between you and the applicable Microsoft contracting entity identified at the bottom of this Warranty ("Microsoft").
>
> **BY PURCHASING OR USING YOUR MICROSOFT PRODUCT, YOU AGREE TO THIS WARRANTY. PLEASE READ AND SAVE A COPY FOR YOUR RECORDS. IF YOU DO NOT ACCEPT THIS WARRANTY, DO NOT USE YOUR MICROSOFT PRODUCT AND RETURN IT UNUSED TO YOUR RESELLER, OR MICROSOFT, FOR A REFUND. IF YOU RETURN IT, THIS WARRANTY WILL GOVERN WHAT OCCURS BEFORE YOUR RETURN**.
>
> * * *
>
> **CONSENT TO BINDING ARBITRATION AND CLASS ACTION WAIVER.** IF YOU LIVE IN . . . THE UNITED STATES, PLEASE READ THE BINDING ARBITRATION CLAUSE AND CLASS ACTION WAIVER IN SECTION 11. IT AFFECTS HOW DISPUTES CONCERNING YOUR MICROSOFT PRODUCT, ITS PRICE, MARKETING, OR COMMUNICATIONS, YOUR PURCHASE TRANSACTION, BILLING, OR THIS WARRANTY & AGREEMENT ARE RESOLVED.

(*Id.*, Ex. 4 (W&A) at 1 (emphasis in original).) Section 11 states, in relevant part:

> **11. BINDING ARBITRATION AND CLASS ACTION WAIVER IF YOU LIVE IN . . . THE UNITED STATES**
>
> We hope we never have a dispute, but if we do, you and we agree to try for 60 days, upon receipt of a Notice of Dispute, to resolve it informally. If we can't, you and we agree to **binding individual arbitration before the American Arbitration Association ("AAA") under the Federal Arbitration Act ("FAA"), and not to sue in court in front of a judge or jury.** Instead, a neutral arbitrator will decide and the arbitrator's decision

> will be final except for a limited right of review under the FAA. **Class action lawsuits, class-wide arbitrations, private attorney-general actions, requests for public injunctions, and any other proceeding or request for relief where someone acts in a representative capacity aren't allowed. Nor is combining individual proceedings without the consent of all parties.** "We," "our," and "us" includes Microsoft and Microsoft's affiliates.
>
> (a) **Disputes Covered—Everything Except IP.** The term "dispute" is as broad as it can be. It includes any claim or controversy between you and us concerning the Microsoft Product, its price, advertising, marketing, communications, your purchase transaction, billing, or this Warranty, under any legal theory including contract, warranty, tort, statute, or regulation, **except disputes relating to the enforcement or validity of your, your licensors', our, or our licensors' intellectual property rights.**

(W&A § 11 (emphasis in original).)

## C. The W&A Includes a Valid Agreement to Arbitrate

As the party seeking to compel arbitration, Microsoft bears "the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (citation omitted). "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id*. (citation omitted).

As Microsoft points out, this court enforced the arbitration clause in an earlier but substantially similar version of the W&A in *J.A. through Allen v. Microsoft Corp.*, a putative class action arising from an alleged defect in certain Xbox controllers. (MTC at 11-12); *see J.A.*, No. C20-0640RSM-MAT, 2021 WL 1723454, at *1 (W.D. Wash. Apr. 2, 2021), *report and recommendation adopted*, No. C20-0640RSM, 2021 WL 1720961 (W.D. Wash. Apr. 30, 2021). In *J.A.*, as in this case, the Product Guide included in the box with the Xbox controller informed purchasers about the arbitration clause and

directed them to review the W&A. *J.A.*, 2021 WL 1723454, at *5. In addition, the boxes containing the controllers, like the box containing Mr. Hastings's Xbox console, alerted purchasers that use of the product required acceptance of the W&A. *Id.* The court held that the W&A's arbitration clause was valid and enforceable because the Product Guide and packaging "provided adequate notice to plaintiffs as to the existence of the binding arbitration clause." *Id.* at *7.

Notably, Mr. Hastings does not even cite *J.A.*, let alone attempt to distinguish it from the facts of this case. (*See generally* Resp.) Instead, he argues that Microsoft fails to show that the box for *his* Xbox console, which he purchased from another retailer, contained the Product Guide. (*See id.* at 3.) As Microsoft points out, however, Mr. Hastings provides no evidence that his Xbox console's packaging departed from the standard packaging Microsoft's declarant describes or that the Product Guide was not included in the box. (*See* MTC Reply at 7; *see generally* Resp.) As a result, he fails to rebut Microsoft's declarant's testimony regarding the packaging of his Xbox console. *See Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 990 (N.D. Cal. 2017) (holding that the court need not consider plaintiff's "conclusory allegations that he never received notice of the terms and conditions").

Mr. Hastings also argues that the W&A's arbitration clause is unenforceable for failure to provide sufficient notice of its terms under *Norcia v. Samsung Telecommunications America, Inc.*, 845 F.3d 1279. (Resp. at 5-6.) The *J.A.* court, however, rejected a nearly identical argument. *See J.A.*, 2021 WL 1723454, at *6-7 (quoting *Norcia*, 845 F.3d at 1289). Applying *Norcia*'s holding that an in-the-box

agreement is not enforceable unless the consumer "receive[s] adequate notice of its existence," *see Norcia*, 845 F.3d at 1289, the *J.A.* court held that Microsoft's in the-box contract was enforceable because (1) it used classic contractual language signaling that the user was entering into a legal agreement and (2) the external packaging provided additional notice that the consumer was assenting to a contract. *J.A.*, 2021 WL 1723454, at *6-7. In light of the similarities between the facts of this case and those in *J.A.*, the court rejects Mr. Hastings's *Norcia* argument for the reasons set forth in *J.A*. *See id.* Accordingly, the court concludes that Mr. Hastings agreed to the W&A's valid and enforceable arbitration clause.

**D. The W&A's Arbitration Clause Encompasses Mr. Hastings's Claims**

When the party moving for arbitration shows that the parties have a valid and enforceable arbitration agreement, "there is a presumption of arbitrability[,]" and any "[d]oubts should be resolved in favor of coverage." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (citation omitted).

Here, Microsoft argues that Mr. Hastings's challenge to the allegedly inflated price of his Xbox console is expressly covered by the arbitration agreement. (MTC at 15-16.) Indeed, the W&A and the Product Guide make clear that the arbitration agreement covers "disputes concerning [the customer's] Microsoft Product, its *price*, advertising, marketing, communications, [] purchase transaction[s], billing, or [the W&A]." (W&A § 11 (emphasis added); *see also id.* at 1; Product Guide at 1, 7.) Mr. Hastings does not respond to this argument and thus has waived it. (*See generally* Resp.); *see John-Charles*

*v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where the party "failed to develop any argument").

The court has no trouble concluding that the W&A's arbitration clause, which covers disputes regarding the price of Microsoft's products, governs Mr. Hastings's claims arising from Microsoft's alleged refusal to refund customers a portion of the inflated price it charged while the IEEPA tariffs were in effect. (*See* W&A § 11; *see also* Am. Compl ¶¶ 65-84.) Therefore, because the W&A is (1) a valid and enforceable arbitration agreement and (2) encompasses Mr. Hastings's claims, *see Bielski*, 87 F.4th at 1009, the court grants Microsoft's motion to compel this matter to arbitration. This action is stayed pending the completion of that arbitration. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Microsoft's motion to compel arbitration (Dkt. # 19); STAYS this matter pending the completion of that arbitration; and DENIES Microsoft's motion to dismiss (Dkt. # 23) without prejudice to Microsoft renewing that motion in arbitration.

Dated this 2nd day of November, 2026.



JAMES L. ROBART
United States District Judge